**Marvin Don ALBRIGHT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7497.**

United States Court of Appeals Tenth Circuit.

March 16, 1964.

Ralph Samara, Oklahoma City, Okl., for appellant.

Robert L. Berry, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was convicted upon each count of a two-count indictment charging unlawful trafficking in narcotics in violation of 26 U.S.C.A. § 4704(a) and 21 U.S.C.A. § 174. He appeals, asserting the existence of numerous prejudicial errors in the trial proceedings but making his claims of error in such generalized language [1] that detailed discussion of specifics would be highly speculative as to materiality, unduly burdensome, and per-

haps impossible in an appellate opinion. However, we have carefully reviewed the record in view of his claims and for plain error under Rule 52(b) and are satisfied the judgment should be affirmed.

On February 25, 1963, a warrant for appellant's arrest for the unlawful possession of firearms (26 U.S.C.A. § 5851) was issued out of the United States District Court for the Eastern District of Oklahoma. On March 1, two Oklahoma police officers, who knew both appellant and of the existence of the federal warrant for his arrest, placed appellant under arrest pursuant to the request of federal authorities. As incident to the arrest, the Oklahoma police immediately searched the person of appellant and found quantities of heroin which subsequently became the subject of the instant prosecution. A motion to suppress the evidence so obtained was denied by the trial court.

The validity of an arrest by state officers for a federal offense, and a search of the person made incident thereto, must be tested against the applicable state law. Miller v. United States, 357 U.S. 301, 305, 78 S.Ct. 1190, 2 L.Ed.2d 1332; United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210; Johnson v. United States, 333 U.S. 10, 15, 68 S.Ct. 367, 92 L.Ed. 436. Title 22, Oklahoma Statutes Annotated, § 196,[2] clearly authorizes the action of the Okla-

1. For example, Proposition IX reads:
   "Error of the court in permitting testimony relating to other offenses against the Appellant.
   "The trial court committed prejudicial error by allowing testimony and evidence relating to other alleged criminal offenses against the Appellant and violated the rule that the said Appellant should not be tried except upon the issues in the instant case (R. 5, 7, 16–17, 19–20, 27, 31, 51, 62, 66, 76, Trial).
   "In support of the above proposition the Appellant brings to the Court's attention the following authorities and citations:
   " * * * * "
   Similarly worded "propositions" attack the court's instructions, many rulings on evidence, and the conduct of the district

attorney. Each claim of error is made by conclusionary statement, reference to record pages, and citation of authority by case name.

2. "Arrest without warrant by officer.—
   "A peace officer may, without a warrant, arrest a person:
   "1. For a public offense, committed or attempted in his presence.
   "2. When the person arrested has committed a felony, although not in his presence.
   "3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.
   "4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

homa officers in arresting appellant and consequently premises a lawful seizure of the heroin and its eventual and proper admission in evidence. And we find nothing in the record to indicate that the general character of appellant was put in issue by the government or that the court admitted evidence of other and different offenses. Statements by witnesses about the existence of a federal warrant and the remarks of court and counsel in similar vein were limited to the fact that such warrant existed, made no reference to the matter of possession of firearms, and contained no inference that appellant was charged with an independent offense. We find no error in such regard, or at all.

The judgment is affirmed.