ILLEGAL ALIENS ARREST Persons arrested as a result of violation of federal criminal laws and brought to the sheriff pursuant to 57 O.S. 16 [57-16] (1971), would be by the authority of the United States and must be accepted pursuant to said Sections 16 and 16a. The sheriff is merely a jailor for the United States and, therefore, has no liability as the result of an illegal arrest or a subsequent acquittal, of course, presuming the sheriff has no actual knowledge of an illegal arrest. The Attorney General has considered your request for an opinion wherein you asked, in effect, the following questions: (1) Must a sheriff, pursuant to 57 O.S. 16 [57-16] and 57 O.S. 16a [57-16a] (1971), incarcerate persons delivered to him who have been arrested without a warrant, by state or local officer for illegal entry into the United States or for violations of other federal laws? (2) Would the sheriff be liable for wrongful imprisonment of individuals later released or acquitted by federal authorities. Title 57 O.S. 16 [57-16] and 57 O.S. 16 [57-16](a) (1971), provides as follows: "When a prisoner shall be delivered to a sheriff or keeper of any jail by the authority of the United States, the sheriff or keeper shall receive the prisoner, and commit him accordingly; and every sheriff or keeper of the jail refusing or neglecting to take possession of a prisoner delivered to him by the authority aforesaid, shall be subject to the same pains and penalties as for neglect or refusal to commit any prisoner delivered to him under the authority of the state. And any sheriff or keeper of any jail who shall suffer to escape any prisoner committed to his custody by the authority of the United States, shall be subject to the same pains and penalties as for suffering to escape any prisoner committed to his custody under the authority of the state, and the allowance for the maintenance of any prisoner committed as aforesaid shall be no greater than that made for prisoners committed under the authority of the state. "All sheriffs, jailers, prison keepers, and their deputies, within this State, to whom any persons shall be sent or committed, by virtue of legal process, issued by or under the authority of the United States, shall receive such persons into custody, and keep them safely until discharged by due course of the laws of the United States; and all such sheriffs, jailers, prison keepers and their deputies, offending in the premises, shall be liable to the same pains and penalties, and the parties aggrieved shall be entitled to the same remedies against them, or any of them, as if such prisoners had been committed to their custody by virtue of legal process issued under the authority of this State." The question then becomes whether illegal entry aliens and other persons in violation of federal laws, who are arrested without a warrant by officers who are not federal officers, qualify as prisoners delivered to the sheriff "by the authority of the United States" as mentioned in Section 16. ArticleVI, Clause 2 of the U.S. Constitution provides the following: "This constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the contrary notwithstanding." In interpreting this clause, the United States Supreme Court has said: "It must always be borne in mind that the constitution, laws and treaties of the United States are as much a part of the law of every State as its own local laws and constitution." Hauenstein v. Lynham, 100 U.S. 483, 490 (1880). Further, 22 O.S. 196 [22-196] (1971), provides as follows: "A peace officer may, without a warrant, arrest a person: "1. For a public offense, committed or attempted in his presence. "2. When the person arrested has committed a felony, although not in his presence. "3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. "4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested." Therefore, under both state and federal law, local law enforcement officers may assist in the enforcement of immigration laws and other federal violations. Albright v. U.S., C.A., 329 F.2d 70 (1964), certiorari denied 85 S.Ct. 201, 379 U.S. 907,13 L.Ed.2d 179. The probable cause standard which must be satisfied before an officer may apprehend an individual suspected of being an illegal alien or in violation of other federal laws would be the same as that required for his apprehension of any other suspected criminal. For example, after his entry, the question is whether an illegal alien is committing a crime "in the presence" of the officer. Since 8 U.S.C.A. 1325, includes the crime of eluding immigration inspectors, the United States Attorney General has interpreted illegal entry as a continuing crime and has successfully urged this "interpretation in several courts for statute of limitations purposes". See 2 C. Gordon and H. Rosenfield, Immigration Law and Procedure, Section 9.42 at 9-90 (1973). Other courts have reasoned that "entry", while a continuing crime to a certain extent, is not one of indefinite duration. See United States v. Mallides, 339 F. Supp. 1, 4 (S.D. Cal. 1972); rev'd on other grounds, 473 F.2d 859 (9th Cir. 1973). It would, therefore, seem reasonable to construe the crime of entry as continuing at least until the alien has reached a place of "temporary safety", a term used by the California Supreme Court in defining the limits of particular criminal activity. See e.g., People v. Salas,7 Cal.3d 812, 820-24. We must, therefore, conclude that unless a police officer knew a particular individual had entered the United States illegally on a prior occasion and was, therefore, guilty of a felony, or had reason to believe the entry was not complete so that a misdemeanor was being committed in his presence, he would not, under Oklahoma statutory authority, be able to arrest a suspected illegal alien. It must be kept in mind that the Sheriff's Office is merely a jailor for the United States when federal prisoners are brought to him pursuant to 57 O.S. 1971 16 [57-16] and 16a. Board of County Commissioners, Tulsa County v. Mars, Sheriff, 189 Okl. 339, 117 P.2d 129. Therefore, while acting as jailor, it would appear that there would be no liability on the part of the Sheriff's Office in the event of subsequent release or acquittal by federal authorities. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Persons arrested as a result of violation of federal criminal laws and brought to the sheriff pursuant to 57 O.S. 16 [57-16] (1971), would be by the authority of the United States and must be accepted pursuant to said Sections 16 and 16a. The sheriff is merely a jailor for the United States and, therefore, has no liability as the result of an illegal arrest or a subsequent acquittal, of course, presuming the sheriff has no actual knowledge of an illegal arrest. (Robert L. McDonald)